UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEWIS B. SIMPSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 12-851ML |
| | : | |
| PATRICK R. DONAHOE, | : | |
| POSTMASTER GENERAL, UNITED | : | |
| STATES POSTAL SERVICE, | : | |
|     Defendant. | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

    Plaintiff Lewis Simpson ("Plaintiff" or "Mr. Simpson") has filed a Complaint apparently challenging a 1987 action of his former employer, the United States Postal Service ("Postal Service"). While Mr. Simpson's handwritten Complaint is far from clear, attached to it is an October 18, 2012, decision of the Postal Service, dismissing Mr. Simpson's formal EEO complaint. ECF No. 1 at 2-6. Based on this decision, it appears that he alleges that the 1987 action of the Postal Service adversely affected the amount of terminal leave pay he received on September 16, 2011. It further appears that Mr. Simpson has properly exhausted his administrative remedies with respect to this claim and timely filed an action in this Court.

    The threshold matter before this Court is Mr. Simpson's Application to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. The application for leave to proceed without prepayment of fees is accompanied by an Affidavit that lists direct annual income of $34,980 and annual expenses of $24,000. The Affidavit indicates that Mr. Simpson

has cash of at least $10,000[1] and stocks and two cars worth $100,000. No debts are listed; the Affidavit expressly states that Mr. Simpson has no credit card debt.

The cases interpreting 28 U.S.C. § 1915(a) are plain that an applicant need not be wholly destitute to qualify for a waiver of costs and fees, including the $350 filing fee that must accompany the complaint. See, e.g., Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948); Pisano v. Astrue, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) (plaintiff whose wife earned $34,320 and owned car denied IFP status; ordered to pay filing fee). Neither should a plaintiff of small, but some, means be excused from "put[ting] his money where his mouth is." In re Stump, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam). Rather, courts must perform a fluid case-by-case balancing of "fairness to the putatively indigent suitor and fairness to the society which ultimately foots the bill." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). While "[i]nability to pay" may be a "nettlesome concept" in many instances, id., in this case, the answer is clear: in cash alone, Mr. Simpson has on hand the resources needed to pay the fees to sustain this case without having to forego any of life's necessaries. DiBuono v. Guckenheimer Enters., Inc., 2011 WL 180554, at *1 (D. Mass. Jan. 13, 2011) (plaintiff with annual income of $20,952, cars, $22,800 in stocks and mutual funds and real estate worth $175,000 denied IFP status). This IFP Application is not a close call. It should be denied. See Auffant v. Paine, Webber, Jackson & Curtis, Inc., 538 F. Supp. 1201, 1202 (D.P.R. 1982) (privilege of proceeding IFP reserved for parties who are poor and indigent).

Because the denial of an application to proceed IFP can be the functional equivalent of an involuntary dismissal, this decision is set out in a Report and Recommendation pursuant to 28

---

[1] The handwritten entry in the Affidavit that records the amount of cash Plaintiff has available (in the form of cash or in a checking or savings account) is difficult to read. It appears to indicate that Mr. Simpson has $80,000 in cash, but the first digit, which appears to be an "8," has been written over and could be a "4." Construing the entry in the light most favorable to Plaintiff, the Court assumes the figure is at least $10,000, though it is likely substantially more.

U.S.C. § 636(b)(1)(B).  See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005); Plante v. Embrey, 2011 WL 2976776, at *1 (D.R.I. June 27, 2011).  I recommend that the Application for IFP status be denied and that Plaintiff be directed to promptly pay the required filing fee or face dismissal of the action.

Further, in light of the recommendation that this case is not eligible for IFP status under 28 U.S.C.§ 1915(a), no preliminary screening is authorized by 28 U.S.C. § 1915(e).  DiBouono, 2011 WL 180554, at *1.  Therefore, a preliminary screening has not been done.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its service.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 29, 2012